**Delaney E. SMITH, Jr., M.D., an individual, Plaintiff-Appellant,**

**and**

**Stephanie Smith, an individual; Baldwin Hills Medical Group Corporation, a California Medical Corporation, Plaintiffs,**

**v.**

**LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY; et al., Defendants-Appellees.**

No. 16-56176

United States Court of Appeals, Ninth Circuit.

Submitted May 24, 2017 *

Filed June 1, 2017

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Delaney E. Smith, Jr., Pro Se

Mary Elizabeth Reyna, Esquire, Principal Deputy County Counsel, Office of the Los Angeles County Counsel, Transportation Division, Los Angeles, CA, Clayton C. Averbuck, Esquire, Attorney, Jennifer Gysler, Monroy, Averbuck and Gysler, Westlake Village, CA, for Defendant-Appellee Los Angeles County Metropolitan Transportation Authority

Joseph A. Heath, Esquire, Attorney, FORD, WALKER, Haggerty & Behar, Long Beach, CA, for Defendant-Appellee Hertz Claims Management

Margaret L. Parker, Sacks, Ricketts & Case LLP, San Francisco, CA, Shand S. Stephens, Esquire, Attorney, DLA Piper LLP (US), San Francisco, CA, for Defendants-Appellees Presidium, Inc., Cambridge, Erroneously Sued As Cambridge Integrated Services Group Inc

Curtis Darrow Parvin, Attorney, Sedgwick LLP, Irvine, CA, for Defendant-Appellee Affordable Medical Network

Deborah L. O'Connor, Attorney, Curtis Darrow Parvin, Attorney, Sedgwick LLP, Irvine, CA, for Defendant-Appellee First Health

Shand S. Stephens, Esquire, Attorney, DLA Piper LLP (US), San Francisco, CA, for Defendant-Appellee Aon Corporation

Before: THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Delaney E. Smith, Jr. appeals pro se from the district court's order denying his Federal Rule of Civil Procedure 60(b) motion. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). We affirm.

The district court did not abuse its discretion in denying Smith's Rule 60(b) motion because Smith filed his motion nearly ten years after this action was closed and Smith failed to establish any basis for relief. *See* Fed. R. Civ. P. 60(c)(1) (a motion to vacate an order under Rule 60(b) must be brought "within a reasonable time"); *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009) ("What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." (citation and internal quotation marks omitted)); *Casey*, 362 F.3d at 1260 (requirements for obtaining relief under Rule 60(b)(3)); *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999) (requirements for obtaining relief under Rule 60(b)(4)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.